UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KAHRIS WILLIAMS,    )  Case No. 1:06CV2032
          )
    Petitioner,   )  JUDGE SOLOMON OLIVER, JR.
          )  Magistrate Judge George J. Limbert
  vs.      )
          )
DAVID BOBBY,    )  REPORT AND RECOMMENDATION
          )  OF MAGISTRATE JUDGE
    Respondent.  )

This matter is before the Court on a petition filed pursuant to 28 U.S.C. § 2254 for a writ of federal habeas corpus filed by Kahris Williams ("Petitioner").  For the following reasons, the undersigned recommends that this Court DISMISS the instant petition for writ of habeas corpus with prejudice.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

David Bobby ("Respondent") is the Warden of the Trumbull Correctional Institution and maintains custody of Petitioner pursuant to a judgment entry issued by the Cuyahoga County Court of Common Pleas on convictions for aggravated murder, attempted murder and aggravated robbery.  ECF Dkt. #7 at 5.

**A. State Trial Court Proceedings**

The Court of Appeals, Eighth Appellate District, Cuyahoga County, Ohio, set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be

-1-

correct," and Williams has "the burden of rebutting the presumption of correctness by clear and

convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir.

1998):

> On April 25, 2002, the Cuyahoga County Grand Jury indicted [Petitioner] on six counts: one count of aggravated murder with a firearm specification, in violation of R.C. 2903.01; one count of attempted murder with a firearm specification, in violation of R.C. 2923.02/2903.02; two counts of aggravated robbery with firearm specifications, in violation of R.C. 2911.01; one count of possession of drugs, in violation of R.C. 2925.11; and one count of heaving [sic] a weapon while under disability, in violation of R.C. 2923.13.
>
> This case arose from allegations that [Petitioner] shot Michael Gibson and Terry Childs while committing a robbery on April 15, 2002. Gibson later died as a result of his injuries and Childs suffered severe physical injuries.
>
> On May 7, 2002, [Petitioner] entered pleas of not guilty and the case proceeded to trial on August 28, 2002.
>
> Prior to trial, [Petitioner] filed a motion to suppress his statements given to the police regarding his involvement in the murder and robbery. [Petitioner] asserted that at the time he made the statement, he had not been properly cautioned as required under Miranda v. Arizona (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. [Petitioner] also asserted that he was under the influence of drugs (PCP) at the time he made his statement.
>
> At the hearing on the motion, the following evidence was adduced. Officer Daniel Connors testified that he stopped [Petitioner] after he observed him driving a red car at a very high rate of speed and in an erratic fashion. He testified that [Petitioner] gave a vigorous struggle and attempted to drive away several times. Officer Connors testified that he struck [Petitioner] on the side of the head as [Petitioner] reached for the floorboard. Officer Connors testified that a gun was later found on the floorboard. Officer Connors testified that he arrested [Petitioner] for reckless operation and failure to show a drivers license. He also testified that he advised [Petitioner] of his constitutional rights at that time. Officer Connors testified that [Petitioner] was conscious during the arrest but other than the initial struggle was very passive and did not respond to the officers in any manner. On cross-examination, he testified that he suspected [Petitioner] was high on drugs at the time.
>
> Next, Officer Brian McEntee testified that he assisted in taking [Petitioner] to the scientific lab for gunshot residue testing. He testified that [Petitioner] began talking to him even though he told him at least three times that he did not have to talk to him. After insisting that he wanted to talk, [Petitioner] told Officer McEntee the following: [Petitioner] got into a dispute with Childs and Gibson and Akii Walker with regards to a recent drug purchase. Specifically, the men accused [Petitioner] of selling them a broken cigarette containing PCP. The men told [Petitioner] to get into

-2-

their car and were "disrespecting" him. [Petitioner] was afraid that the men were going to beat him up over the bad PCP sale. The driver, Childs, pulled his car to the side of the road, exited the vehicle, and ordered [Petitioner] to get out. Childs then produced a gun and attempted to strike [Petitioner] with it. The gun went flying and [Petitioner] grabbed it. Gibson got out of the car and said "you are messing with my boy." [Petitioner] then shot Gibson and Childs fled in the car. Immediately following [Petitioner]'s statement, Officer McEntee made a written report of what the [Petitioner] had told him.

Detective Timothy Entenok testified that he interviewed the [Petitioner] after he had spoken with Officer McEntee. He testified that he or his partner read [Petitioner] his Miranda rights and that [Petitioner] stated he understood his rights. He testified that [Petitioner] stated he would make a written statement. He testified that [Petitioner] seemed attentive and coherent during the interview and was able to give his name, date of birth, address, and social security number. He testified that he provided [Petitioner] with a written form containing the Miranda warnings. [Petitioner] wrote the word "yes" on the form where it asked if he understood his rights. After telling Detective Entenok the same story he told Officer McEntee, [Petitioner] signed the written statement prepared by the officer. [Petitioner] also indicated that he was not under the influence of PCP at the time he was giving his statement. On cross-examination, Detective Entenok testified that he suspected [Petitioner] may have been on drugs but that he seemed fine and was not tested for anything.

At the conclusion of the suppression hearing, the trial court overruled [Petitioner]'s motion. On September 5, 2002, trial commenced. The jury found [Petitioner] guilty of all counts except the aggravated robbery of Michael Gibson (Count III).

ECF Dkt. #7, Attachment 3 at 19-31; *see also* ECF Dkt. #7, Attachment 1.

**B.    Direct Appeal**

Petitioner, through new counsel, filed a timely notice of appeal in the Ohio Court of Appeals for the Eighth District.  ECF Dkt. #7, Exhibit 2.  Petitioner raised the following two (2) assignments of error:

1.    The trial court erred by failing to suppress the appellant's statements that were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966).

2.    Prosecutor misconduct during closing argument of the culpability phase of trial deprived the appellant his right to a fair trial in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

ECF Dkt. #7, Attachment 2.  The State filed a brief in response.  ECF Dkt. #7, Attachment 3 at

1-18.  On September 11, 2004, the Court issued a decision and judgment entry affirming the

judgment of the trial court.  ECF Dkt. #7, Attachment 3 at 19-31.

Petitioner did not appeal to the Supreme Court of Ohio.

**C.      26(B) Application to Reopen**

On December 19, 2003, Petitioner, pro se, filed a timely application to reopen his direct

appeal.  ECF Dkt. #7, Attachment 4 at 1-7.  He raised the following five (5) assignments of

error:

1.      TRIAL COUNSEL USED TRIAL STRATEGIES THAT WAS HARMFUL
TO MY TRIAL.

2.      TRIAL COUNSEL FAIL TO USE EVIDENCE THAT COULD HAVE
HELPED THE DEFENSE, WHICH HE HAD.

3.      TRIAL COUNSEL SHARED CONFIDENTIAL INFORMATION WITH
PROSECUTOR.

4.      APPEAL COUNSEL FAIL TO RAISE INEFFECTIVE ASSISTANCE OF
TRIAL COUNSEL.

5.      APPEAL COUNSEL FAIL TO RAISE ISSUES ON FIRST APPEAL.

*Id.* at 2.  On January 20, 2004, the state filed a brief in opposition.  ECF Dkt. #7, Attachment 4 at

8-14.  On May 11, 2005, the Court of Appeals denied the application to reopen.  ECF Dkt. #7,

Attachment 4 at 15-23.  On June 26, 2005, Petitioner filed a notice of appeal to the Supreme

Court of Ohio. ECF Dkt. #7, Attachment 4 at 24-42.  He raised the following five (5)

propositions of law:

I.      Defense Trial Counsel used Trial strategies that was harmful to Defendant
case[.]

-4-

II.    Trial counsel fail to use evidence that would have helped the Defense, which counsel had in his possession.

III.    Trial Counsel for Defense shared confidential info[r]mation with Prosecution.

IV.    Appellant Counsel fail to properly investigate the record of trial, and properly prepare Defendant's Appeal.

V.    Appellant C[o]unsel fail to raise any of the issues that the defendant personally requested him to raise. Defendant also asked Appellant Counsel for a copy of defendant's trial transcripts, so that defendant could properly examine the record. Appellant Counsel refused, stating that defendant had to pay him for a copy, even though counsel knew defendant was Ind[i]gent. Appellant Counsel refused to look into the issues that defendant requested him to raise.

ECF Dkt. #7, Attachment 4 at 32-35. The State did not file a memorandum in response. On September 7, 3005, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional questions. ECF Dkt. #7, Attachment 4 at 43.

**D.    Federal Habeas Corpus**

On August 24, 2006, Petitioner, pro se, filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner raises the following four (4) grounds for relief:

GROUND ONE:    INEFFECTIVE ASSISTANCE OF COUNSEL - TRIAL COUNSEL

Supporting facts:    TRIAL COUNSEL FAIL[ED] TO PROPERLY INTERVIEW AND CALL POTENTIAL DEFENSE WITNESSES- FAIL[ED] TO USE EVIDENCE IN WHICH HE HAD IN HIS POSS[ESS]ION - SHARED CONFIDENTIAL INFORMATION WITH PROSECUTION, WHICH UNDERMINED THE DEFENSE.- REFUSED DEFENDANT HIS RIGHT TO TESTIFY ON HIS OWN BEHALF.-DID NOT PROPERLY PROCUR [sic] THE DEFENSE OF SELF-DEFENSE.

GROUND TWO:      INEFFECTIVE ASSISTANCE OF COUNSEL - [APPELLATE] COUNSEL

Supporting Facts:      [APPELLATE] COUNSEL FAIL[ED] TO PROVIDE A COPY OF THE TRIAL TRANSCRIPTS TO THE DEFENDANT, SO THE DEFENDANT WOULD BE ABLE TO REVIEW DOCUMENTS, AND THEN HELP IN THE DEFENSE THAT WOULD BE BEST SUITED IN THE DEFENDANT'S APPEAL- COUNSEL DID NOT PROPERLY INVESTIGATE THE TRANSCRIPTS TO PROCUR [sic] A PROPER APPEAL - COUNSEL DID NOT INVESTIGATE THE NATURE OF THE CORRESPONDENCE THAT DEFENDANT SENT HIM, DISREGUARDED [sic] ALL ASPECTS OF THE CORRESPONDENCE.

GROUND THREE:      MEMORANDUM VIOLATION

Supporting Facts:      DEFENDANT DID NOT VOLUNTARILY WAIVE HIS MIRANDA RIGHTS.  DEFENDANT WAS HIGH ON DRUGS(P.C.P),AT THE TIME OF HIS ARREST, AND STILL UNDER THE INFLUENCE OF THAT DRUG AT THE TIME OF THE INTERROGATION.  THE TRIAL COURT SHOULD NOT HAVE ALLOWED DEFENDANT's STATEMENTS TO BE SUBMITTED, STATEMENTS SHOULD HAVE BEEN SUPPRESSED. - In ADDITION, THE POLICE DID NOT PROVIDE INSTRUCTION AS[]TO THE FULL BENEFIT OF THE DEFENDANT's MIRANDA RIGHTS TO HIM AT THE TIME OF THE WAIVER.

GROUND FOUR:      PROSECUTOR MISCONDUCT

Supporting Facts:      PROSECUTOR MIS-CONDUCT DURING THE CLOSING ARGUMENT OF THE CULPABILITY PHASE OF TRIAL DEPRIVED THE DEFENDANT HIS RIGHT TO A FAIR TRIAL.  PROSECUTOR CONTINUED TO DIRECTLY ATTACK DEFENSE COUNSEL, AND HIS ARGUMENT RATHER THEN ANY EVIDENCE WHICH MIGHT HAVE IMPROPERLY INFLUENCE THE JURY TO GIVE STATE WITNESSES MORE CREDIBILITY THAN THEY MIGHT OTHERWISE HAVE BEEN PROVIDED.

ECF Dkt. #1 at 5-10.  On December 22, 2006, Respondent filed a return of writ and the trial

-6-

transcripts.  ECF Dkt. #7.  As of today's date, Petitioner has not filed a traverse.

## II.     STANDARD OF REVIEW

Since Petitioner filed his habeas petition after April 24, 1996, the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), standards apply.  *See*

*Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under

Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the

United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

### A.     Procedural Barriers to Review

Before a reviewing court will review the merits of a federal petition for a writ of habeas

corpus, a petitioner must overcome several procedural hurdles.  Namely, a habeas petitioner

must surmount the barriers of time limitation,[1] exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no

remaining state remedies before a federal court will review a petition for a writ of habeas corpus.

28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27 (2004).  The exhaustion

requirement is satisfied  "once the federal claim has been fairly presented to the state courts."

*Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  In order to have fairly presented the

substance of each of his federal constitutional claims to the state courts, the petitioner must have

given the highest court in the state in which he was convicted a full and fair opportunity to rule

on his claims.  *Manning v.  Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Unless an exception applies, a petition must be dismissed for lack of exhaustion if it

contains at least one issue which was not presented to the state courts so long as a remedy is still

---

[1] There is no time limitation issue in this case, as acknowledged by Respondent.  *See* ECF Dkt. #7 at 11.
Thus, the time limitation is not at issue in this case.

available for the petitioner to pursue in the state courts. *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because of the petitioner's noncompliance with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. Moreover, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). Absent a clear statement to the contrary, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision in determining whether a state court has addressed the merits of a petitioner's claim. *See Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged test to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under *Maupin*, a reviewing court must decide:

-8-

(1)    whether the petitioner failed to comply with an applicable state procedural rule;

(2)    whether the state courts actually enforced the state procedural sanction;

(3)    whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4)    if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

As set forth in the *Maupin* analysis, a claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 751 (1991).  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims that were evaluated on the merits by a state court, but claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review. *Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio, 2004).

## III.   ANALYSIS

Respondent argues that Ground for Relief Two has been exhausted in state court, but Grounds for Relief One, Three and Four remain unexhausted. Indeed, Petitioner has exhausted some of his state court remedies, but not others.  Respondent argues in the alternative that the petition could be stayed in order for Petitioner to exhaust, or the unexhausted claims should be dismissed as procedurally defaulted or denied on the merits, and the exhausted claim should be dismissed as procedurally defaulted or denied on the merits.  Petitioner has made no argument regarding the procedural element of his claims.  The undersigned will address both the unexhausted and exhausted claims in turn.

### A.   Grounds for Relief Three and Four

Turning towards the unexhausted claims first, Petitioner presented Grounds for Relief Three and Four on direct appeal to the Ohio Court of Appeals, but did not present the same to the Ohio Supreme Court.  The AEDPA, in concert with the Supreme Court, requires that a state prisoner exhaust his state remedies before bringing his claim in a federal habeas corpus proceeding. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509 (1982).  Exhaustion is not achieved until a state supreme court has had a full and fair opportunity to rule on those claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994). If a remedy remains under state law that a federal habeas corpus petitioner has not yet pursued, exhaustion has not occurred.  *Rust,* 17 F.3d at 160.  In this case, the Supreme Court of Ohio allows for the opportunity to file a motion for delayed appeal and notice of appeal.  Ohio R. Practice II, Section 2 (A)(4).  Thus, Petitioner has an avenue remaining in state court. Accordingly, Grounds for Relief Three and Four of the instant petition have not been exhausted.

Because the second Ground for Relief has been exhausted, Petitioner presents a mixed petition before this Court.

A petition must be dismissed for lack of exhaustion if it contained at least one issue which was not presented to the state courts so long as a remedy was still available for the petitioner to pursue in the state courts. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982); *Rust,* 17 F.3d at 160. However, the Supreme Court has indicated that in lieu of dismissing a mixed petition, a district court has discretion to stay the petition in order to allow a petitioner to present his unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528 (2005). Be that as it may, a "stay and abeyance should be available *only* in limited circumstances." *Rhines*, 125 S. Ct. at 1535 (emphasis added). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," . . . and even showing good cause, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* Likewise, "If a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* Further, any stay granted must be tempered with reasonable time limits, and if a stay is not granted, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.*

In this case, Petitioner has failed to present to this Court any cause, let alone good cause, for failing to exhaust these Grounds for Relief in state court. Further, while there is no

-11-

indication that Petitioner has engaged in intentional delay or abusive litigation tactics, Petitioner's claims, as will be explained below, are plainly meritless.  Accordingly, the undersigned recommends that this is not an appropriate case for a stay.[2]

As such, the remaining options are to dismiss the entire petition because it contains unexhausted claims, see *Rose v. Lundy*, 455 U.S. 509, 510 (1982), allow Petitioner to amend his petition to delete the unexhausted claims, see *Rhines*, 544 U.S. at 278, or excuse the exhaustion requirement and review the claims on the merits, see 28 U.S.C. § 2254(b)(2).  Having determined that a stay is not appropriate in this case because Grounds for Relief Three and Four are plainly meritless, the undersigned finds that it would be a waste of time and judicial resources to require exhaustion. *See Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) (quoting *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991)).  Further, Courts may adjudicate unexhausted claims "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," but only if the habeas petition is denied. 28 U.S.C. § 2254(b)(2).  Thus, the undersigned finds that the most judicious route is to address these claims on the merits.  Because Petitioner's claims are so plainly meritless, addressing the merits of his claim furthers the interests of efficiency and finality, and will not offend federal-state comity.

---

[2] Moreover, the Sixth Circuit has explained that a federal habeas corpus court should excuse the exhaustion of grounds for relief where further action in state court "would be an exercise in futility." *Turner v. Bagley,* 401 F.3d 718, 724 (6th Cir. 2005)(internal quotation marks omitted).  Ohio R. Practice II requires a motion for delayed appeal to be accompanied with "adequate reasons for the delay." Ohio R. Practice II, Section 2 (A)(4)(a). Since Petitioner has failed to present good cause to this Court, there is no indication that Petitioner can make an adequate showing in the state court. *See, e.g., Razo v. Bradshaw,* 2006 U.S. Dist. LEXIS 44347, 6-8 (D. Ohio 2006) (denying a stay where the petitioner failed to indicate whether he could assert good cause for failing to timely file a Rule 26(B) motion in state court).  Thus, if Petitioner were to file a delayed appeal in the Ohio Supreme Court, it would be denied.  This subsequent denial would indicate a failure to comply with the state procedural rule. *See Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004).  Then, upon return to federal Court, Petitioner would find his claims procedurally defaulted.  Accordingly, his motion for delayed appeal would be futile. *See Lucas v. People of the State of Michigan,* 420 F.2d 259, 262 (6th Cir.1970) (holding that "such a judicial runaround is not mandated" by the exhaustion requirement).

*See, e.g., Lyons v. Stovall*, 188 F.3d 327, 335 (6th Cir. 1999) (acknowledging that if the federal constitutional claims are plainly meritless and it would be a waste of time and judicial resources to require exhaustion, then nonexhaustion and procedural default should be excused); *Hayes v. Prelesnik*, 193 Fed. Appx. 577, 584 (6th Cir. 2006) (explaining that efficiency includes bringing criminal litigation to a final conclusion).  Also, Petitioner and Respondent have more then adequately briefed the merits of these claims.  ECF Dkt. #1; ECF Dkt. #7 at 52-63.  The undersigned, therefore, recommends that the Court excuse Petitioner's failure to exhaust state remedies for these two claims and dismiss the claims on the merits with prejudice.

To that end, the AEDPA provides that a writ of habeas corpus shall not issue unless the State court adjudication of the merits of the claims:

> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

In this case, the Ohio Appeals Court addressed the merits of the claims contained in Grounds for Relief Three.  *See* ECF Dkt. #7, Attachment 3 at 19-31.  Petitioner argues that he did not voluntarily waive his Miranda rights because he "may" have been high on drugs and because the police officers did not instruct him as to the full benefit of those rights.  ECF Dkt. #1 at 19.

The Fifth Amendment to the United States Constitution provides a privilege against involuntary self-incrimination.  Specifically, the State may not use statements made during a custodial interrogation unless the prosecution demonstrates the use of procedural safeguards that

-13-

ensure the protection of the privilege.  *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  To this end, a criminal defendant must be advised prior to a custodial interrogation that, "he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed."  *Id.*  There is no rigid rule requiring that the content of the Miranda warnings be a virtual incantation of the precise language contained in the Miranda opinion.  *California v. Prysock*, 453 U.S. 355 (1981); *State v. Dailey*, 53 Ohio St.3d 88, 90 (1990).

Further, these same rights may be waived if the waiver is knowing, intelligent and voluntary.  *Id.*  The inquiry is not whether "a criminal suspect knows and understands every possible consequence of a waiver of the Fifth Amendment privilege."  *See Colorado v. Spring*, 479 U.S. at 574; *Clark v. Mitchell*, 425 F.3d 270, 283-284 (6th Cir. 2005).  When a confession challenged as involuntary is sought to be used against a criminal defendant at his trial the prosecution must prove by a preponderance of the evidence that the confession was voluntary.  *Lego v. Twomey*, 404 U.S. 477, 488-89 (1972).

A review of the record reveals that Petitioner was provided with sufficient Miranda warnings.  Officer Daniel Connors testified that he advised Petitioner of his rights when he was arrested.  Tr. at 71.  Officer Connors stated that he told Petitioner twice after the initial arrest that Petitioner did not have to talk to him and Petitioner did so anyway.  Further, Detective Timothy Entenok testified that he and his partner interviewed Petitioner and advised Petitioner of his Miranda rights twice during the interview.  *See* Tr. at 120, 136.  He also testified that Petitioner signed a form agreeing that he understood his rights and would nonetheless talk to the detectives.  Thus, despite Petitioner's argument, there is no constitutional requirement for police officers to

-14-

explain that a criminal defendant has a right to ask for an attorney at any time, including after questioning began or that questioning would stop if he requested an attorney.

Further, the totality of the circumstances in this case demonstrates that Petitioner waived his rights knowingly and intelligently. *See Colorado v. Spring*, 479 U.S. 564, 573, 107 S. Ct. 851 (1987). There is no requirement that a defendant be completely drug free in order to knowingly, intelligently and voluntarily waive his rights, but rather what effect the drugs had on the individual's ability to understand his rights. The testimony indicated that Petitioner was aware of what was going on, coherent and cooperative. There was no evidence that Petitioner's possible drug usage affected his ability to understand his rights. *See* Tr. at 71, 115.

The state appellate court accurately stated the legal standards and applied them to the facts of this case. Thus, the undersigned finds that the state court decision affirming the trial court's denial of the motion to suppress Petitioner's statements was not contrary to nor an unreasonable application of clearly establish federal law. Accordingly, the undersigned recommends that Ground for Relief Three be denied on the merits.

Regarding Ground for Relief Four, Petitioner argues that prosecutor misconduct during closing argument deprived him of a fair trial. ECF Dkt. #1 at 10. Ordinarily, for a merits review of this federal claim, the Court must consider whether the state court's decision that the prosecutor's remarks were not improper was itself an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). However, in this case the state court relied solely on state law in disposing of Petitioner's claim.[3] *See* ECF Dkt. #7, Attachment 4. Where,

---

[3] This is not an issue of fair presentment because Petitioner clearly cited provisions of the U.S. Constitution and federal law, as well as state law, in support of his claim when he presented it to the Ohio Appellate Court. *See* ECF Dkt. #7, Attachment 3.

as here, the state court relied solely on state law in determining the claim, the AEDPA deference is not applicable. *Daniels v. Lafler*, 192 Fed. Appx. 408, 2006 U.S. App. LEXIS 200551, *27-29 (6th Cir. 2006) (relying on *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)); *see also Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527, 2542, 156 L. Ed. 2d 471 (2003); *Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004). Rather, a de novo review is appropriate. *Maples*, 340 F.3d at 436.

Claims of prosecutorial misconduct are reviewed differentially on habeas review. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). To be cognizable, there must be an affirmative answer to the question of whether the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.*; *see also* Macias v. Makowski, 291 F.3d 447, 451 (6th Cir. 2002) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). Even if the statements were improper, a federal court can only provide relief if the statements were so flagrant as to render the entire trial fundamentally unfair. *Darden*, 477 U.S. at 181; *see Broom v. Mitchell*, 441 F.3d 392, 412 (6th Cir. 2006) (explaining that the conduct complained of must both be improper and flagrant); *United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001). To this end, the court must first consider whether the prosecutor's remarks were improper. *Macias*, 291 F.3d at 452. Then, if the remarks were improper, the court must "apply the four-factor test set forth in *United States v. Carroll*, 26 F.3d 1380, 1385 (6th Cir. 1994), to determine 'whether the impropriety was flagrant' and thus violated the defendant's due process rights." *Id.* (quoting United States v. Carter, 236 F.3d 777, 783 (6th Cir. 2001)). The four factors to consider are: "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive;

(3) whether the remarks were deliberately or accidentally made; (4) whether the evidence against the defendant was strong." *Id.*; *Spisak v. Mitchell*, 465 F.3d 684, 713 (6th Cir. 2006).  The touchstone of the analysis "is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips, 455 U.S. 209, 219, 102 S.Ct. 940 (1982).

Petitioner argues that the prosecutor improperly referred to Petitioner's explanation of the events underlying the criminal trial as "tortured" and then after multiple objections, as "feeble" and "absurd", and then improperly characterized Petitioner's explanation of how he came into possession of the gun as "some absurd B movie rendition." *See* ECF Dkt. #1 at 20-22; Tr. at 1783-1791.  Specifically, Petitioner complains that the following statements from the State's final argument at trial were improper:

Prosecutor:     How many bullet holes does Michael Gibson have in him? Look at them. Mr. Shaughnessy's tortured explanation --

Defense Counsel:     Objection.

The Court:     Sustained.

Prosecutor:     Mr. Shaughnessy's feeble explanation --

Defense Counsel:     Objection.

The Court:     Sustained.

Prosecutor:     Mr. Shaughnessy's absurd explanation --

Defense Counsel:     Objection.

The Court:     Sustained.

***

Prosecutor:     Incidentally, whose gun is this? ... The only evidence that you have that this is anybody else's but his is what he tells the coppers in this (indicating) statement, some absurd B movie rendition about

-17-

the gun falling on the ground and he picks it up and --

Defense Counsel:      Objection.

The Court:      Sustained.

***

Prosecutor:      *** In his statement to the police he doesn't say, oh yeah, that was my ring that they took out of my pocket.

Defense Counsel:      Objection.
The Court:      Sustained.

Prosecutor:      There's no mention.

Defense Counsel:      Objection.

The Court:      Sustained.

***

Prosecutor:      Oh, incidentally, one of the absurdities of the defense's argument -

Defense Counsel:      Objection.

The Court:      Sustained.

Tr. 1783; 1786; 1788; 1791; ECF Dkt. #7, Attachment 27 at 60-76.  Petitioner argues that

because the jury based its verdict on the credibility of the witnesses, these improper attacks on

defense counsel and his argument might have improperly influenced the jury to give state

witnesses more credibility then they might otherwise have given them.  ECF Dkt. #1 at 22.

Considering the complained of comments in context, the undersigned cannot conclude

the remarks were improper.  Prosecution comments that reflect reasonable inferences from the

evidence adduced at trial, though contrary to the defense theory of the case, are proper.  *See, e.g.,*

*Parks v. Pitcher*, 1999 U.S. Dist. LEXIS 19679 (6th Cir. 1999) (noting that comments which

-18-

emphasize discrepancies between the evidence and testimony must reflect reasonable inferences from the evidence adduced at trial).  It is far too speculative a jump to conclude that the jury would give more credibility to state's witnesses simply because the prosecutor inferred that the defense theory of the case was "absurd."

However, even assuming that  the prosecutor's remarks were improper, they were certainly not flagrant.  The prosecutor's argument did not manipulate or misstate the evidence so the remarks were not calculated to mislead the jury.  Also, the trial transcript reveals that the prosecutions closing argument and rebuttal encompassed more then 40 pages, of which Petitioner takes issues with 7 statements that took up less then 4 pages; Thus, the remarks were not extensive.  Further, the weight of the evidence in this case, including the testimony of 23 witnesses and the plethora of circumstantial evidence, was strong which reduces the likelihood that the jury's decision was influenced by argument.

Moreover, the trial court explained during the jury instructions that the "evidence does not include pleadings or any statement of counsel made during the trial .... Opening statements and closing arguments of counsel are designed to assist you, but they are not evidence."  Tr. 1808; ECF Dkt. #7, Attachment 27 at 88.  The Judge went on, "You, the jury, are the sole judges of the facts, of the credibility of witnesses and of the weight to be given to the testimony of each witness."  Tr. 1809.  Based on the forgoing, the undersigned cannot conclude that Petitioner's trial was fundamentally unfair or that the Prosecution's characterization of defense counsel or his theory of the case had any bearing on the outcome of the trial in light of the strength of the competent proof of guilt.  Accordingly, the undersigned recommends that Ground for Relief Four be denied on the merits.

Based on the foregoing procedural deficiencies and meritless claims, the undersigned recommends that the Court refuse to grant a stay in this case and instead dismiss with prejudice Grounds for Relief Three and Four on the merits.

### B.        Petitioner's First Ground for Relief

Petitioner argues that he received ineffective assistance of trial counsel when trial counsel failed to properly interview and call potential witnesses, failed to use evidence in his possession, shared confidential information with the prosecution, refused to allow Petitioner to testify on his own behalf and did not properly argue self-defense.  ECF Dkt. #1.  Respondent argues that this Ground for Relief has been procedurally defaulted because Petitioner failed to fairly present this Ground for Relief to the state courts.  ECF Dkt. #7.

Petitioner presented the claims contained in this Ground for Relief relating to ineffective assistance of trial counsel to the state courts in his 26(B) application to reopen the direct appeal. *See* ECF Dkt. #7, Attachment 4 at 1-7.  The Ohio Rules of Appellate Procedure 26(B)(1) provide that application to reopen a direct appeal be "based on a claim of ineffective assistance of appellate counsel."  App. R. 26(B)(1).  Accordingly, even though it appears that Petitioner raised the instant claims of ineffective assistance of trial counsel as substantive claims, the state appellate court treated them all as cause for why his appellate counsel was ineffective for failing to raise the claim of ineffective assistance of trial counsel on direct appeal, pursuant to 26(B). *See* ECF Dkt. #8, Attachment 7; *see also Simpson v. Sparkman*, 94 F.3d 199, 2003 (6th Cir. 1996) (explaining that federal courts can properly assume that the state court does not ignore its own procedural rules).  *See* ECF Dkt. #7, Attachment 4 at 17.  Thus, in effect, this Ground for

Relief was never presented before any of the Ohio Courts.[4]

"Claims that were never raised at any juncture of the state-court proceedings are both unexhausted and procedurally defaulted because no Ohio court has had an opportunity to decide them. If a habeas petitioner sought to return to state court and attempt to present new claims to the Ohio Supreme Court, that court would find them procedurally barred." *Dickerson v. Mitchell,* 336 F.Supp. 2d 770, 786 (N.D. Ohio 2004). Moreover, "[t]he Ohio Supreme Court has stated that it will not consider constitutional claims not raised and preserved in the Ohio Court of Appeals." *Fornash v. Marshall*, 686 F.2d 1179, 1185 n. 7 (6th Cir.1982) (citing *State v. Phillips*, 272 N.E.2d 347, 352 (Ohio 1971)). When a petitioner fails to present a claim in state court, this Court may procedurally default that claim because the Ohio state courts would no longer entertain the claim. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). Procedurally defaulted claims are not resurrected for a merits review simply because they are raised as a basis for ineffective assistance of appellate counsel. *Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001). Since, as explained below, Petitioner has no recourse in state court, this claim has been procedurally defaulted in this Court.

If Petitioner were to go back and raise these claims in the state courts now he would find them barred by the doctrine of res judicata either because he should have raised them in the first instance on direct review, but failed to do so, or because he should have raised them in a petition for post-conviction relief with evidence de hors the record, but cannot now do so because the time limit has run. *See* O.R.C. § 2953.21(A); O.R.C. § 2953.23. Res judicata is an adequate and

---

[4] The Ohio Court of Appeals did address the substance of Petitioner's claims of ineffective assistance of trial counsel, but only to explain that they were without merit and so could not substantiate a claim of ineffective assistance of appellate counsel for failing to raise those same issues on direct appeal. *See* ECF Dkt. #8, Attachment 7 at 15-23.

independent state ground barring federal review of claims that are plainly contained in the trial record. *Williams v. Bagley*, 380 F.3d 932, 966 (6th Cir. 2004). Further, Ohio's postconviction system is an adequate and independent state ground upon which this Court can properly foreclose review. *See Mason v. Mitchell*, 320 F.3d 604, 628 (6th Cir. 2003); *Coleman v. Mitchell*, 268 F.3d 417, 428-29 (6th Cir. 2001).

In order for a federal habeas corpus petitioner to obtain a merits review of a procedurally defaulted claim by this Court, the petitioner must demonstrate cause and prejudice to excuse his failure to raise the claim in state court, or show that a miscarriage of justice would occur were the habeas court to refuse to address the claim on its merits. *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). Petitioner has made no such showing. Accordingly, the undersigned recommends that the Court dismiss with prejudice this Ground for Relief as procedurally defaulted.

### C.    Petitioner's Second Ground for Relief

In his second Ground for Relief, Petitioner argues that he received ineffective assistance of appellate counsel when appellate counsel failed to provide a copy of the trial transcripts, failed to properly investigate the transcripts, and disregarded the correspondence Petitioner sent him. ECF Dkt. #1. Petitioner presented these claims to the state courts in the 26(B) application to reopen his direct appeal. However, Petitioner failed to attach a sworn affidavit as is required and the state appellate court dismissed the petition. *See* Ohio App.R. 26(B)(2)(d).

The adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *Harris v. Reed*, 489 U.S. 255, 264 (U.S. 1989) (citing Fox Film Corp.

-22-

v. Muller, 296 U.S. 207, 210 (1935)).  Accordingly, when the last explained state court decision

rests upon procedural default as an "alternative ground," a federal district court is not required to

reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).

Thus, "a state court may reach a federal question without sacrificing its interests in finality,

federalism, and comity."  *Harris v. Reed*, 489 U.S. 255, 264 (1989)

In determining whether the state court clearly and expressly rested its conclusion upon

procedural default, we look to the last state court disposition providing reasons for its decision.

*McBee*, 929 F.2d at 267 (internal citations omitted).  Federal courts rely upon the presumption

that there is no independent and adequate state grounds for a state court decision absent a clear

statement to the contrary.  *Coleman*, 501 U.S. at 735; Harris, 489 U.S. at 264, n.10; McBee, 929

F.2d at 267.

In this case, the last state court giving reasons for its disposition is the Ohio Court of

Appeals.  That court clearly and expressly rested its decision upon two alternate grounds:

procedural default and substantive lack of merit.  As to the procedural default, the state court

stated:

> The failure of Williams to provide a sworn affidavit, as required by App.R.
> 26(B)(2)(d), also requires denial of his application. *State v. Lechner* (1995), 72
> Ohio St.3d 374, 650 N.E.2d 449; *State v. Tierney*, Cuyahoga App. No. 78847,
> 2002-Ohio-2607, reopening disallowed (Dec. 4, 2002), Motion No. 341035; and
> *State v. Johnson* (Dec. 14, 1998), Cuyahoga App. No. 72541, reopening
> disallowed (May 27, 1999), Motion No. 4430.

ECF Dkt. #7, Attachment 4 at 22-23.  This is a clear statement of an independent and adequate

state ground upon which the state court denied the petition.  Accordingly, this Court is not

required to reach the merits of the instant ground for relief.

-23-

When "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991); *Monzo v. Edwards*, 281 F.3d 568, 575 (6th Cir. 2002); *See also Murray v. Carrier*, 477 U.S. 478, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 81, 53 L. Ed. 2d 594, 97 S. Ct. 2497 (1977).  Petitioner has made no argument regarding cause or prejudice or fundamental miscarriage of justice.  Accordingly, the undersigned recommends that the Court dismiss with prejudice Petitioner's second Ground for Relief alleging ineffective assistance of appellate counsel as procedurally defaulted.

## IV.    CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court DISMISS Petitioner's instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 with prejudice.


Date:   June 26, 2007                                  ___*/s/George J. Limbert*_____
                                                       George J. Limbert
                                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

-24-